## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO
_____

UNITED STATES OF AMERICA,

      Plaintiff,

    v.                             No. 2:19-cr-1346-WJ

ANTERO CARRILLO-JUAREZ,

      Defendant.

## MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION TO SET ASIDE PLEA AGREEMENT OR, IN THE ALTERNATIVE, TO WITHDRAW GUILTY PLEA AND REJECTING PROPOSED RULE 11(c)(1)(C) PLEA AGREEMENT

**THIS MATTER** is before the Court on Defendant's Motion to Set Aside Plea Agreement, or in the Alternative, to Withdraw Guilty Plea [Doc. 17], filed August 6, 2019. The Court held a hearing on the motion on June 23, 2020. At the hearing, Defendant explained that he no longer seeks to withdraw his guilty plea and that he only requests that the Court set aside the plea agreement on the basis that it is supported by inadequate consideration. As explained in this Opinion, Defendant's request lacks merit because the plea agreement is supported by adequate consideration. However, the Court finds that the circumstances surrounding Defendant's plea agreement warrant the Court rejecting it pursuant to Fed. R. Crim. P. 11 (c)(3)(A).

## BACKGROUND

On April 6, 2019, United States Border Patrol agents encountered Defendant near the border in Hidalgo County, New Mexico. Defendant admitted to the agents that he was a citizen of Mexico, did not enter the United States through a lawful port of entry, and did not have legal authorization to enter or remain in the United States. After arresting Defendant, the agents

1

conducted a records check and discovered that Defendant had previously been deported and had prior criminal history in the United States. Doc. 14 (Presentence Investigation Report) at 3.

Two days after Defendant's arrest, the United States charged Defendant by criminal complaint with Re-Entry of a Removed Alien subsequent to Conviction of an Aggravated Felony, in violation of 8 U.S.C. §§ 1326(a) and (b). Doc. 1 (Criminal Complaint). On May 13, 2019, Defendant consented to plea before a Magistrate Judge, entered into a Rule 11(c)(1)(C) fast-track plea agreement, and pleaded guilty to the charge before a Magistrate Judge. Doc. 10 (Consent to Plea Before Magistrate Judge); Doc 13 (Plea Agreement); Doc. 12 (Guilty Plea Hearing Minutes).

## DISCUSSION

### I.    Defendant's Request to Set Aside Plea Agreement for Lack of Consideration

Defendant argues that the Court should set aside the plea agreement for lack of consideration because he is receiving no benefit in exchange for waiving "considerable and fundamental constitutional rights." Doc. 17 (Defendant's Motion) at 7. Defendant explains that he is receiving no benefit from the plea agreement because he is in criminal history category VI and, therefore, the following provision of the plea agreement precludes him from receiving a two-level downward departure/adjustment pursuant to USSG § 5K3.1:

> Unless the defendant previously has been convicted of murder, a forcible sex offense, or a child sex offense involving physical contact or has a Criminal History Category of VI, the Government agrees, pursuant to Federal Rule of Criminal Procedure 11(c)(l)(C), to a two-level downward departure/adjustment pursuant to USSG § 5K3.1 to determine the defendant's Final Adjusted Offense Level.

Doc. 13 (Plea Agreement) at 3. Defendant explains that he is waiving "considerable and fundamental constitutional rights" because the plea agreement "precludes his right to request a further reduction, departure, or variance pursuant to 18 U.S.C. § 3553(a)" and "precludes his right to appeal or raise post-conviction challenges to his sentence." Doc. 17 (Defendant's Motion) at 2.

"[C]ontract principles govern plea agreements." *United States v. Hahn*, 359 F.3d 1315, 1324–25 (10th Cir. 2004); *see United States v. Hernandez*, 134 F.3d 1435, 1437 (10th Cir. 1998) (explaining "that traditional contract principles have, on occasion, been applied to plea agreements in criminal proceedings."). In *United States v. Hernandez*, the defendant argued that his plea agreement was supported by inadequate consideration. The Tenth Circuit, however, rejected that argument because "the United States agreed not to prosecute Hernandez for additional charges arising out of conduct then known to the United States." 134 F.3d at 1438.

In this case, the United States also agreed not to prosecute Defendant for additional charges. The plea agreement states: "the United States agrees not to bring additional criminal charges against the defendant arising out of the facts forming the basis of the present Information." Doc. 13 (Plea Agreement) at 6. Defendant's plea agreement is supported by the same consideration that the Tenth Circuit deemed adequate in *Hernandez*. Moreover, under the Rule 11(c)(1)(C) Fast Track Plea Agreement, the Government cannot seek an upward variance which is not unheard of happen especially when a defendant is in criminal history category VI.  Accordingly, the Court finds that Defendant's plea agreement is supported by adequate consideration.

## II.    Rejection of Defendant's Rule 11(c)(1)(C) Fast-Track Plea Agreement

"In addressing the question of whether, and under what circumstances a district court may reject a plea agreement entered into between the defendant and government, our starting point is Rule 11 which describes the procedures for the acceptance or rejection of those agreements." *United States v. Robertson*, 45 F.3d 1423, 1437 (10th Cir. 1995). Rule 11(c)(3)(A) permits a district court to reject a Rule 11(c)(1)(C) plea agreement:

> To the extent the plea agreement is of the type specified in Rule 11 (c)(1)(A) or (C), the court may accept the agreement, reject it, or defer a decision until the court has reviewed the presentence report.

Fed. R. Crim. P. 11(c)(3)(A). The rule, however, "does not attempt to define criteria for the acceptance or rejection of a plea agreement. Such a decision is left to the discretion of the individual trial judge." *Id.* at Advisory Committee Notes. "Because sentencing is within the exclusive purview of the district court, the court has a wide range of discretion to either accept or reject sentence bargains, as contemplated by Rule 11(c)(1)(B) and (C)." *United States v. Macais-Gonzalez*, 219 F. App'x 814, 817 (10th Cir. 2007). As such, "so long as district courts exercise sound judicial discretion in rejecting a tendered plea, Rule 11 is not violated." *Robertson*, 45 F.3d at 1437. The Court, however, must articulate its reasons for rejecting a plea agreement. *Id.*

Although there is adequate consideration supporting Defendant's plea agreement, the Court is nevertheless concerned about the one-sided nature of the agreement. Pursuant to the plea agreement, Defendant cannot request a reduction, departure, or variance pursuant to 18 U.S.C. § 3553(a); Defendant cannot appeal or raise post-conviction challenges to his sentence; and Defendant will not receive a two-level downward departure/adjustment pursuant to USSG § 5K3.1 because he is in criminal history category VI. Doc. 13 (Plea Agreement) at 4–6. The only benefit Defendant will receive from the plea agreement is that the United States will not bring additional charges against him arising out of the facts of the offense or pursue an upward departure or variance. *Id.* at 6.

Defendant pleaded guilty to Re-Entry of a Removed Alien. Doc. 14 (PSR) at 3. He did not commit the offense in conjunction with any other felony or misdemeanor, and he does not have a violent criminal history. *Id.* Based on the Court's experience adjudicating these types of cases, it is unlikely that without the plea agreement the United States would have brought additional charges against Defendant or pursued an upward departure or variance. Under the circumstances, the Court finds that the plea agreement does not provide Defendant a comparable benefit in

4

exchange for waiving his rights.

Furthermore, it is not clear from the record that Defendant knew that he might not receive the two-level downward departure/adjustment pursuant to USSG § 5K3.1 when he entered the plea agreement. *See* Doc. 30 (Guilty Plea Hearing Transcript). Defendant's criminal history score is 13, the minimum to qualify for criminal history category VI. Doc. 14 (PSR) at 6. As such, there is a strong possibility that Defendant mistakenly thought that he would not be in criminal history category VI when he entered the plea agreement and, as a result, did not realize that he would not be eligible for the two-level downward departure/adjustment. The Court is reluctant to accept Defendant's plea agreement absent clear indication that Defendant knew that when he entered the plea agreement that he may be ineligible for the two-level downward departure/adjustment.

## CONCLUSION

The Court finds that the plea agreement is supported by adequate consideration. Accordingly, Defendant's Motion to Withdraw Plea Agreement or, in the Alternative, to Withdraw Guilty Plea [Doc. 17] is **DENIED**. However, given the minimal benefit afforded to Defendant by the plea agreement and the concern that Defendant may not have been aware that he might be ineligible for the two-level downward departure/adjustment pursuant to USSG § 5K3.1, the Court **REJECTS** the plea agreement pursuant to Fed. R. Crim. P. 11 (c)(3)(A).

Defense counsel shall confer with his client and then advise the Court how Defendant wishes to proceed.

**IT IS SO ORDERED.**

**WILLIAM P. JOHNSON**
**CHIEF UNITED STATES DISTRICT JUDGE**

6